# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

OCEANS HEALTHCARE, L.L.C.
AND OCEANS BEHAVIORAL
HOSPITAL OF GREATER NEW
ORLEANS

VERSUS

COMPREHENSIVE BEHAVIORAL
CARE, INC., PEOPLES HEALTH,
INC., AND PEOPLES HEALTH
NETWORK

NO.   2024 CW 1136

**FEBRUARY 10, 2025**

---

In Re:    Peoples Health, Inc. and New Orleans Regional Physician
          Hospital Organization, Inc. D/B/A Peoples Health
          Network, applying for supervisory writs, 19th Judicial
          District Court, Parish of East Baton Rouge, No. 598633.

---

**BEFORE:    PENZATO, STROMBERG, AND CALLOWAY,[1] JJ.**

   **WRIT GRANTED IN PART AND DENIED IN PART.** The district court's
October 11, 2024 judgment which granted the motion for partial
summary judgment filed by plaintiffs and denied the motion for
summary judgment filed by defendants, Peoples Health, Inc. and New
Orleans Regional Physician Hospital Organization, Inc. d/b/a
Peoples Health Network, is reversed, in part.  With regard to
plaintiffs' motion for partial summary judgment, whether a mandate
relationship exists is an issue of fact. **American Bank & Trust v.
Singleton,** 2017-0480 (La. App. 1st Cir. 11/1/17), 233 So.3d 730,
736.  We find issues of fact precluded summary judgment, and
plaintiffs' motion for partial summary judgment is denied.  With
regard to defendants' motion for summary judgment as to plaintiffs'
claim for unjust enrichment, such a remedy is subsidiary and shall
not be available if the law provides another remedy for the
impoverishment.  See La. Civ. Code art. 2298.  Clearly, plaintiffs
had a remedy against Comprehensive Behavioral Care, Inc. pursuant
to the Facility Provider agreements between those parties.  Whether
or not a party could be successful because of another party's
bankruptcy is not a fact which should be considered. **Id.** at 672.
The existence of a remedy which precludes application of unjust
enrichment does not connote the ability to recoup impoverishment
by bringing an action against a solvent person.  It merely connotes
the ability to bring the action or seek the remedy. **Carriere v.
Bank of Louisiana,** 95-3058 (La. 12/13/96), 702 So.2d 648, 672, on
reh'g (Nov. 3, 1997).  Accordingly, the motion for summary judgment
filed by defendants is granted in part, and plaintiffs' claim for
unjust enrichment is dismissed.  The writ is denied in all other
respects.

                                    AHP
                                    TPS
                                    CAC

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
      FOR THE COURT

---

[1] **Calloway, J.,** serving as judge *pro tempore* of the Court of Appeal, First
Circuit, by special appointment of the Louisiana Supreme Court.